**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALBERT VALIZYANOVICH IKTISAMOV, | No. 19-70757 |
| Petitioner, | Agency No. A216-277-554 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 12, 2022
Pasadena, California

Before: TALLMAN, CALLAHAN, and LEE, Circuit Judges.

Albert Iktisamov, a native and citizen of Russia, petitions for review of a

decision by the Board of Immigration Appeals (BIA) denying him asylum,

withholding of removal, and relief under the Convention Against Torture (CAT).

We have jurisdiction pursuant to 8 U.S.C. § 1252, *Yali Wang v. Sessions*, 861 F.3d

1003, 1007 (9th Cir. 2017), and we dismiss in part and deny in part.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**1.** Iktisamov challenges the determination that his asylum claim was untimely and asserts that he was denied due process when the Immigration Judge (IJ) failed to allow him an opportunity to contact a witness who might offer evidence of the date of his conversion to the Church of Jesus Christ of Latter-Day Saints.

Asylum applications generally need to be filed within a year of arrival in the United States. 8 U.S.C. § 1158(a)(2)(B). Iktisamov arrived in the United States in 2009 but did not file an application for asylum until 2018. A failure to meet the one-year deadline may be excused if the application is filed within a "reasonable period" of "changed circumstances." *See* 8 C.F.R. § 1208.4(a)(4(i)-(ii). Iktisamov claims that he began attending Mormon services in 2016 and that his new faith qualifies as a "changed circumstance." The IJ concluded that even if his conversion was a changed circumstance, Iktisamov did not file his asylum application within a reasonable period of time, and accordingly denied the application. The BIA agreed and affirmed.

Iktisamov claims that he was denied due process when the IJ would not allow him to contact a witness who could present evidence concerning "the precise timing of his conversion." We dismiss Iktisamov's due process claim because he did not raise it in his appeal to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (dismissing due process claim for failure to exhaust). It

appears that the IJ's decision was reasonable as Iktisamov had affirmatively testified that he converted in the summer of 2016, and the IJ found that Iktisamov testified credibly.

**2.** Iktisamov asserts that he should be granted withholding of removal because he will be persecuted in Russia for (1) evading conscription, (2) his political views against the hazing of military conscripts, (3) his practice of the Mormon religion, and (4) his pro-Western political opinions.

We review the BIA's determinations of legal questions de novo and the agency's factual findings for substantial evidence. *Bhasin v. Gonzales*, 423 F.3d 977, 983 (9th Cir. 2005). A withholding of removal applicant bears the burden of proving that his "life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A); *see Barajas-Romero v. Lynch*, 846 F.3d 351, 356 (9th Cir. 2017). The agency's factual findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Yali Wang*, 861 F.3d at 1007 (quoting *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014

None of Iktisamov's arguments are compelling. On this record, it appears that the age range for conscription in Russia was 18 to 27 years-of-age, and Iktisamov is now 36 years-old. As the record does not indicate that Iktisamov will

be conscripted if returned to Russia, and as Iktisamov proffered no evidence that he had made public statements against hazing of military conscripts, he has not made a compelling showing that his views against hazing will result in his persecution or torture.

The BIA noted that there was evidence in the record of arrests, prosecutions, and harassments of minority religious associations that engage in missionary work. However, it noted that Iktisamov did not indicate that he would be a missionary or otherwise publicly proselytize and concluded that he "did not face a clear probability of persecution on account of religion." Iktisamov has not shown that this was an unreasonable conclusion based on the record.

Finally, while Iktisamov cited instances in the Country Condition Report indicating that the government had stifled freedom of expression, the IJ found that Iktisamov's blogs and videos appeared to be apolitical in nature. The IJ commented that Iktisamov's one video of a religious nature did not appear to be problematic because "it is a non-denominational Christian video and the Russian authorities have not prohibited the fact of the Christian faith." Iktisamov identifies no specific instance of the government taking notice of him or any specific public expressions by him that might offend the government. Thus, he has not made the requisite showing of possible persecution because of his political opinions.

**3.** "To qualify for CAT protection, a petitioner must show it is more likely

than not he or she would be tortured if removed to the country of origin." *Tamang v. Holder*, 598 F.3d 1083, 1095 (9th Cir. 2010). Iktisamov's request for CAT protection is based on the same grounds as his request for withholding of removal. The evidence and reasoning supporting the denial of withholding of removal also supports the BIA's denial of CAT relief. *See id.*

Iktisamov's claim that he was denied due process is dismissed for failure to exhaust and his petition is otherwise denied. **DISMISSED IN PART AND DENIED.**